UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

DON SURVI CHISOLM,                          )      C/A No. 4:17-2934-RBH-TER
                                            )
                        Petitioner,         )
                                            )
vs.                                         )
                                            )      REPORT AND RECOMMENDATION
WARDEN, PERRY CORRECTIONAL                  )
INSTITUTION,                                )
                                            )
                        Respondent.         )
_____   )

Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 27, 2017. Respondent filed a motion for summary judgment on January 26, 2018, along with a return and memorandum. (ECF Nos. 17 and 18). The undersigned issued an order filed January 29, 2018, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Doc. #19). Petitioner failed to file a response in opposition.

## **RULE 41(B) DISMISSAL**

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 1084

_____

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

(1990), and <u>Chandler Leasing Corp. v. Lopez</u>, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)     the degree of plaintiff's responsibility in failing to respond;

(2)     the amount of prejudice to the defendant;

(3)     the history of the plaintiff in proceeding in a dilatory manner; and,

(4)     the existence of less drastic sanctions other than dismissal.

<u>Davis v. Williams</u>, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Petitioner is proceeding <u>pro se</u> so he is entirely responsible for his actions. It is solely through Petitioner's neglect, and not that of an attorney, that no responses have been filed. Petitioner has not responded to Respondent's motion for summary judgment or the court's orders requiring him to respond. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, the motion for summary judgment will be addressed on the merits below.

## **PROCEDURAL HISTORY**

Petitioner failed to file a response. Therefore, the undersigned will set out the undisputed procedural history, in part, as set forth by the Respondent.

Petitioner is currently incarcerated in the Perry Correctional Institution pursuant to orders of commitment from the Clerk of Court for Dorchester County. Petitioner was indicted in January 2008 by the Dorchester County Grand Jury for murder. Petitioner was initially represented by John Loy, Esquire, until February 11, 2011, when Petitioner moved to dismiss counsel and requested to represent himself. The Honorable Diane Schafer Goodstein granted the request after inquiry on the waiver of the right to counsel. The case was originally called to trial before the Honorable Edgar W. Dickson on August 22, 2011. Petitioner represented himself with Mr. Loy as standby counsel. Petitioner's motion for a mistrial was granted and another jury trial was scheduled and held September 13-19, 2011, before the Honorable Goodstein. Petitioner again represented himself with Mr. Loy as standby counsel. Petitioner was found guilty as charged. Judge Goodstein sentenced Petitioner to life imprisonment.

### **Direct Appeal**

A timely Notice of Appeal was served. On appeal, Petitioner was represented by Chief Public Defender Robert M. Dudek and Appellate Defender Lara M. Caudy

of the South Carolina Commission on Indigent Defense, Division of Appellate

Defense. A final brief was filed on February 5, 2015, raising the following issues:

1. Whether the court erred by ruling evidence of appellant's prior drug dealing was admissible since it was unduly prejudicial pursuant to Rule 403, SCRE, and the judge erred by ruling it was admissible to prove motive under Rule 404(b), SCRE?

2. Whether the court erred by allowing a weapon into evidence since there was not a sufficient nexus to prove the weapon was involved in the murder, and it was therefore highly prejudicial?

3. Whether the court erred in failing to suppress the fruits of evidence derived from a search warrant issued on September 27, 2007 for appellant's 2007 Dodge Durango since the search warrant was based on defective information?

4. Whether the court erred by refusing to allow the defense to question Detective Zensen about DNA testing performed on a seized firearm, specifically as it pertained to Craig Michael Canady, since the defense had the right to show that the detective's answers were inconsistent in this regard and because the evidence was relevant to the thoroughness and accuracy of the investigation?

5. Whether the circuit court erred by allowing appellant to represent himself where the court did not inquire about the nature of the conflicts appellant was having with his attorney, did not warn appellant that a murder conviction would constitute an aggravating circumstance for the state to seek the death penalty in his other Berkeley County murder case, and was very vague, and not specific about the trial dangers and disadvantages of self-representation?

(Attachment 2, Final Brief of Appellant, pp. 1-2).

On August 15, 2011, the South Carolina Court of Appeals issued an unpublished opinion affirming Petitioner's conviction. On November 12, 2015, Petitioner filed a petition for rehearing. The State made its return to the petition on November 23, 2015. The Court of Appeals denied the petition by order dated December 17, 2015. (Attachment 4, Appendix to Petition for Writ of Certiorari (state direct appeal), App. p. 43).

On February 8, 2016, Petitioner, though appellate counsel, filed a petition for writ of certiorari. (Attachment 5, Petition for Writ of Certiorari). Petitioner raised the same issues previously presented to the Court of Appeals, along with a challenge to finding his Issue Two procedurally barred, and asserted the Court of Appeals erred in denying relief. (Id.). The State made its return to the petition on March 9, 2016. (Attachment 6, Return to Petition for Writ of Certiorari (state direct appeal)). On October 20, 2016, the Supreme Court of South Carolina denied the petition. (Attachment 7, Order (denying petition for writ of certiorari, state direct appeal)). The Court of Appeals subsequently issued the remittitur on October 24, 2016. (Attachment 8, Remittitur (state direct appeal)).

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in his petition:

GROUND ONE: The court erred by ruling evidence of prior drug dealing was admissible

Supporting facts: The state used an alleged fued as its motive for the homicide based on the premise of drug dealing that was never proven. The state introduced a witness that could not conclusively testify to any drug dealing even though the witness was used to speak of a drug deal that "never" took place. The victims girlfriend and numerous other victims did not support the state claims of drug dealing or a drug fued and all such references only served to predjudize the applicant.

GROUND TWO: Court erred by allowing a weapon into evidence that had no sufficient nexus proving it was involved in murder

Supporting Facts: The weapon in question was not conclusively proven by expert witnesses to have been linked to a murder. The weapon was fund submerged in water with another weapon of the same caliber (.22) which was the caliber believed to be used against the victim. The weapon found had absolutely no links (historical or physical) to the applicant. The weapon was given to authorities by the states witness and was found in that witnesses favorite fishing hole but not anywhere the applicant ever frequented.

GROUND THREE: Court erred by denying motion to suppress evidence derived from a defective search warrant

6

| | |
|---|---|
| Supporting Facts: | Dectives had previously got and served a warrant to search the suspect vehicle and found nothing. Upon applying for a second warrant detectives used faulty/fraudulent information to obtain the warrant. Mainly detectives claimed they had witnesses to attest to the purchase of a passenger seat from LKQ autoparts. Detectives never produced said witnesses or any final purchase [...not legible...] or receipt. Detectives never proved a purchase took place though they told the magistrate issuing the warrant that one had. |
| GROUND FOUR: | Court erred in not allowing defendant to cross examine/impeach states witness when it was proven the witness was impeaching herself and evidence was relevant |
| Supporting Facts: | Detective Zenson was the states witness regarding evidence collection and testing. The state never proved that the (.22) recovered from David White was the murder weapon in this crime. Furthermore, detectives tested a 25 caliber hand gun against the victims DNA which was recovered from suspects who had time and motive to commit the crime. When Don-Survi (applicant) questioned Zenson of this testing she lied and denied it. This information was very relevant and crucial to the case against the applicant and the jury should have been allowed to hear it. |

(Petition)(Errors in original).

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute

8

for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86

9

(4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (citing Williams v. Taylor, 529 U.S. 362, 413 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's

10

adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

### Grounds One, Two and Four

As an initial matter, Respondent contends that Petitioner's claims in Grounds One, Two and Four are not cognizable for federal habeas review. Respondent asserts these issues are not cognizable in federal habeas review as these claims clearly hinge on the interpretation of state evidentiary rules, not federal law.

In Ground One, Petitioner argues trial court error in allowing in evidence of prior drug dealing being allowed. In Ground Two, Petitioner argues trial court error by allowing a weapon into evidence. In Ground Four, Petitioner argues trial court error in not allowing the defendant to cross examine/impeach a state witness when it was proven the witness was impeaching herself. The court will not grant relief based on the state's own standards for sufficiency of the evidence. See Wilson v. Greene, 155 F.3d 396, 407 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 157 (4th

11

Cir.1998). A state court's decision on a question of state law is binding in federal court. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Thomas v. Davis, 192 F.3d 445, 449 n. 1 (4th Cir. 1999). These claims are not cognizable for federal habeas review. Thus, it is recommended that Grounds One, Two and Four be dismissed and Respondent's motion for summary judgment granted with respect to these issues.

## Ground Three

In Ground Three, Petitioner alleges trial court error by denying a motion to suppress evidence derived from a defective search warrant. This issue was raised on direct appeal and ruled on by the South Carolina Court of Appeals finding no error of the trial court by declining to suppress the search warrant. Respondent argues that this issue is barred by the Stone Doctrine.

The Court finds Petitioner had a full and fair opportunity to raise this Fourth Amendment claim in state court, and therefore, the claim is barred. See Stone v. Powell, 428 U.S. 465, 494 (1976) ("[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."). In Doleman v. Muncy, the Fourth Circuit adopted a framework for district courts to employ when

12

considering a Fourth Amendment claim in a § 2254 petition:

> We hold that in its analysis of a petition for habeas corpus under 28 U.S.C. 2254, a district court, when faced with allegations presenting Fourth Amendment claims, should, under the rule in Stone v. Powell, supra, first inquire as to whether or not the petitioner was afforded an Opportunity to raise his Fourth Amendment claims under the then existing state practice. This may be determined, at least in this Circuit, from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court.
>
> Second, we hold that when the district court has made the "opportunity" inquiry, it need not inquire further into the merits of the petitioner's case, when applying Stone v. Powell, supra, unless the prisoner alleges something to indicate that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired.

579 F.2d 1258, 1265 (4th Cir. 1978).

Here, Petitioner raised this issue in a motion to suppress which was denied by the trial court and affirmed by the South Carolina Court of Appeals and the South Carolina Supreme Court. Accordingly, the Court finds Petitioner had a full and fair opportunity to litigate this Fourth Amendment claim in state court; consequently, per Stone v. Powell, supra, this claim is barred. Accordingly, it is recommended that Respondent's motion for summary judgment be granted with respect to Ground Three.

## <u>CONCLUSION</u>

As set out above, the Petitioner's federal habeas corpus petition should be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), with prejudice.

Alternatively, it is RECOMMENDED that Respondent's motion for summary judgment (ECF #18) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing and any outstanding motions be deemed moot.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 7 , 2018
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**